■ PRUDY MAHONEY, as Administratrix of the Estate of EDWARD S. MAHONEY, Deceased, Appellant, v. STEPHEN VINCINERE et al., Respondents-Appellants, and CITY OF NEW YORK, Respondent.—

No opinion. Christ, P. J., Rabin, Munder and Benjamin, JJ., concur; Hopkins, J., concurs in the affirmance as to the defendant City of New York, but otherwise dissents and votes (1) to modify the order so as to deny the motion to set aside the verdict as to defendants Vincinere and 49th Avenue Garage Corporation and (2) to reinstate the verdict in favor of plaintiff against said two defendants, with the following memorandum: The jury's verdict against Vincinere and 49th Avenue Garage Corporation was based on a consideration of the conflicting evidence produced by the parties. Plaintiff's decedent was driving a mail truck and a collision between his vehicle and Vincinere's automobile occurred at an intersection. Naturally, the issues of right of way, the speed of the vehicles and the conditions at the intersection were subjects of the testimony. The evidence was sufficient to support the verdict against these two defendants as I read the record; and, since the jury's determination that Vincinere was guilty of negligence in the operation of his automobile was founded on evidence which the jury believed to be true, the verdict against these defendants should stand, unless palpably affected by prejudice, fraud or mistake. The issue was clearly one of credibility — an issue which a jury is considered to be, under our system of decision making, peculiarly equipped to resolve. Since neither prejudice, fraud nor mistake appears to have entered into the case, I think that the jury's verdict against these defendants should not have been set aside. The case is different as to the defendant City of New York. There, after giving plaintiff the benefit of all reasonable inferences in the record, I do not find that the absence of the "yield" sign contributed to the happening of the accident. Proximate cause, under these circumstances, becomes a question of law for the determination of the court. I agree that the Trial Term properly set aside the verdict as to the city and dismissed the complaint as against it.